■ JAMES I. SPANDAU, Respondent-Appellant, v UNITED STATES OF AMERICA et al., Defendants, and STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE, Appellant-Respondent.—Judgment unanimously affirmed with costs. Memorandum: Plaintiff, an attorney, commenced this interpleader action seeking a determination by the court of the conflicting claims of defendants United States, the State of New York, and Surfside Pizzeria, Inc., to moneys he held in escrow as a result of a transfer in bulk from Surfside Pizzeria, Inc., to his clients (see, Tax Law § 1141 [c]).

In his demand for relief plaintiff requested not only a determination of the rights of the interpleaded defendants to the moneys held in escrow, but also an injunction restraining the State from bringing any action against his clients, who were denominated defendants in the action, and from levying upon any of their property because of sales taxes owed by the transferor, Surfside Pizzeria, Inc.

On the cross motion of plaintiff, Special Term granted summary judgment directing that the moneys held in escrow be distributed to the claimants, State Department of Labor and State Department of Taxation and Finance, and also that plaintiff's clients be discharged from any liability for taxes owed by the transferor, Surfside Pizzeria, Inc.

On appeal, the State Department of Taxation and Finance contends that the court erred in discharging plaintiff's clients from any further liability for taxes owed by the transferor, Surfside. It contends that the court had no authority in this interpleader action to define the rights of the claimants other than their rights in the "stake", here the moneys held in escrow (see, Watts v Swiss Bank Corp., 30 AD2d 791); that the proper proceeding for such relief was an action for a declaratory judgment.

We disagree. A civil proceeding shall not be dismissed solely because it is not brought in the proper form (CPLR 103 [c]). At any stage of the action, the court may disregard a mistake or irregularity if a substantial right of the party is not prejudiced (CPLR 2001). Here Special Term properly disregarded the form of the action because no substantial right of defendant, State Department of Taxation and Finance, was prejudiced. At Special Term, the Department raised the issue of the tax liability of plaintiff's clients and fully addressed that issue on the merits without making any objection to the form of the action.

The Department of Taxation and Finance further contends

on the merits that the court erred in discharging the transferees from further liability. It contends that the purchasers are liable for the sales taxes owed by the seller because they failed to comply with Tax Law § 1141 (c) by failing to hold in escrow not only the cash proceeds of the sale, but also moneys for the payment of the seller's private debts in the amount of $31,000, which the purchasers assumed as part of the consideration for the sale.

We disagree. Section 1141 (c) forbids the purchaser from transferring to the seller any "sums of money, property or choses in action" which, under the terms of sale, the purchaser is required to transfer to the seller. The buyer's payment of the seller's debts is not a transfer to the seller of "money, property or choses in action" within the meaning of this section. (Appeals from judgment of Supreme Court, Erie County, Wolf, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Balio and Lawton, JJ.